Dear Chief Congemi:
The following provisions of Act No. 1391 of the 1997 Regular Legislative Session are relevant to your inquiry and are quoted herein in pertinent part:
 Municipal Fire and Police Civil Service — Working Tests-Completion of Certain Formal Training required prior to test periods for entry level positions
 Act No. 1391
 H.B. No. 1133
 By Representative Brun and Senator Schedler and Coauthored by Representative Dupre
 An Act to amend and reenact and as amended to arrange in proper statutory form and incorporate into the statutes the provisions of Article XIV, Section 15.1(25) of the Constitution of 1921, continued as statute by Article X, Section 18 of the Constitution of 1974, by amending and reenacting R.S. 33:2495, and to repeal R.S. 33:2495.1, relative to municipal fire and police civil service; to require completion of certain formal training prior to commencement of working test periods for entry level positions in the classified service; and to provide for related matters.
 Be it enacted by the Legislature of Louisiana:
 Section 1. Article XIV, Section 15.1 (25) of the Constitution of 1921, continued as statute by Article X, Section 18 of the Constitution of 1974, is hereby amended and reenacted and continued in full force and effect as R.S. 33:2495 which is hereby amended and reenacted to read as follows:
§ 2495. Working tests
 A. Every person appointed to a position in the classified service following the certification of his name from a promotional or a competitive employment list, except those appointed on a temporary basis, shall be tested by a working test while occupying the position before he may be removed therefrom only with the prior approval of the board, and only upon * * * one of the following grounds * * *:
 * * * * *
 (2) For each person appointed to an entry level position in the classified service from a competitive employment list, the working test shall commence only upon successful completion of a formal training period but shall otherwise be in accordance with this Section. Such formal training period shall last sixteen weeks from the date of appointment or until the appointee has successfully completed appropriate academy training, whichever occurs first. If the appointee has successfully completed the academy prior to appointment, the working test period shall commence on the date of the appointment.
 C. Upon any employee completing his working test, the appointing authority shall so advise the board and furnish a signed statement to the respective employee of its confirmation and acceptance of the employee as a regular and permanent employee in the respective position * * * or of its refusal to confirm the employee and the reasons therefor. If, at the expiration of an employee's working test period, the appointing authority fails to confirm or reject the employee, such failure to act shall constitute a confirmation. Any employee who is rejected after serving a working test of six months but not more than one year * * * may appeal to the board only upon the grounds that he was not given a fair opportunity to prove his ability in the position.
We respond to your questions in chronological order.
 1. Does the statute mandate that formal academy training commence during the sixteen week formal training period?
LSA-R.S. 33:2495(B)(2), as enacted during the 1997 Legislative Session, does not require that a probationary police officer be enrolled in or complete formal academy training, either in whole or in part, within the first sixteen weeks of employment. Rather, the language of the statute contemplates that a probationary police officer's working test period commences upon the officer's completion of a sixteen week formal training period or upon his completion of academy training, whichever occurs first.
 2. Should a probational recruit who is attending appropriate academy training at the time that the sixteen week formal training period expires be permitted to continue the academy training as a probational recruit?
It was not the intent of the law to penalize a probationary appointee in any manner for failing to start or complete academy training during the initial sixteen weeks of employment. Once the sixteen week formal training period has elapsed, the officer is required to begin the working test period regardless of his status with respect to formal academy training. It follows then that the probational recruit must be permitted to continue without penalty, academy training where such training exceeds the initial sixteen weeks of employment.
 3. Can the formal training period be automatically extended by the appointing authority for an undetermined amount of time based on the actual length of the training academy?
No, the formal training period of sixteen weeks is by defined by statute and cannot be extended by virtue of continuing academy training. The officer's working test period could commence in less than sixteen weeks if he completes formal academy training within that time period. In any event, his working test period must commence at the latest time of sixteen weeks, whether or not he is enrolled in an academy.
 4. If formal academy training is not started within the sixteen week period must the appointee be removed from the classified service?
No, there is no legal basis to suggest that the appointee must be terminated due to the police department's inability to enroll the appointee in an academy within the sixteen week period.
 5. Is the appointing authority obligated under statute to recognize the probational recruit as a class or a distinct entity within a class? Is the appointing authority required to provide a separate Personnel Action Form, or other written statement, concerning the recruit's successful completion of the sixteen week formal training period at the time of commencement of the working test period?
The law does not require local boards and appointing authorities to recognize "probationary recruit" as a classification or distinct entity within a classification nor is it mandatory that the appointing authority provide a personnel action form reflecting the recruit's status vis-a-vis his completion of formal academy or formal training period requirements.
Should you have other questions or concerns, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
cc: Paul Daly